UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | CASE NO. C70-9213 RSM |
| Plaintiffs, | SUBPROCEEDING NO. 24-01 RSM |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION |
| STATE OF WASHINGTON, et al., | |
| Defendants. | |

This subproceeding is before the Court on the Sauk-Suiattle Indian Tribe ("Sauk-Suiattle")'s Motion for Reconsideration, Dkt. #38.[1] Sauk-Suiattle seeks reconsideration of the Court's Order Granting a Motion to Dismiss filed by Swinomish, Upper Skagit, the Suquamish Indian Tribe, and the Tulalip Tribes (collectively, the "Responding Tribes"). *See* Dkt. #36. The Court has determined it can rule without a response brief. *See* LCR 7(h)(3).

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the

---

[1] All citations in this Order will be to the docket in the subproceeding, although copies of these filings are also made in Case No. C70-9213RSM.

ORDER DENYING MOTION FOR RECONSIDERATION – 1

movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling."  LCR 7(h)(2).

Sauk-Suiattle's Motion seeks relief based on four arguments: first, that "Subproceeding 20-1 does not govern this case;" second, because the Court "misapprehended Sauk-Suiattle's statement that it intended to present anthropological work of… Barbara Lane;" third that the Court "misapprehended that collateral estoppel arose from subproceeding 17-2;" and finally because "[t]he responding tribes' motion to dismiss, primarily addressed to facts involving the Skagit and Baker rivers lacks clarity as to whether the motion to dismiss was intended to seek dismissal of claims to marine fishing grounds."  The Court will address each point in turn.[2]

First, Sauk-Suiattle accurately points out that Subproceeding 20-1 was initiated by Upper Skagit under Paragraph 25(a)(1) to enforce its right to stop Sauk-Suiattle from fishing in an area of the Skagit River.  It was not initiated by Sauk-Suiattle to determine U&A.  Nevertheless, the Court's ruling in that Subproceeding and the Ninth Circuit's Opinion affirming it clearly had an impact on interpreting Sauk-Suiattle's U&A.  These rulings speak for themselves.  Sauk-Suiattle now attempts to clarify the Court's understanding of procedure, but does not identify manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.  Sauk-Suiattle does not seek any particular modifications to the Court's prior Order.  Accordingly, there is no relief to grant here.

Second, Sauk-Suiattle takes umbrage with the notion that it fails to present newly discovered information and is relying solely on the work of Barbara Lane, etc., previously

---

[2] Sauk-Suiattle also take issue with certain facts in the Responding Parties' briefing concerning fishing invitations. *See* Dkt. #38 at 2–3.  These facts were not cited in the Court's Order and Sauk-Suiattle does not seek any relief on this issue, other than to state its version of what happened.  Accordingly, the Court will not address them in ruling on this Motion for Reconsideration.

ORDER DENYING MOTION FOR RECONSIDERATION – 2

submitted to the Court. Sauk-Suiattle says the Court overlooked new evidence in the form of "its expert historian, Dr. Peter Whiteley, whose testimony will feature new historical evidence and constitutes significant new anthropological research and who will explain why each of the evidentiary facts listed above are, in fact, evidence of historical fishing, and how they work in conjunction with the other evidence the Tribe will introduce to support his expert opinion that the Claimed Waters constitute the Tribe's usual and accustomed fishing areas at treaty times." Dkt. #38 at 6 (citing Dkt. #29 at 22 and n.13). The reason the Court did not address expert historian Whiteley by name is that his name is not evidence. The "facts listed above" in the briefing all come from the Request for Determination, which was reviewed by the Court, and all these facts appeared to be evidence previously reviewed by the Court. Sauk-Suiattle failed to convince the Court otherwise. References to facts that will come to light but are not presented in the briefing are not particularly helpful. Sauk-Suiattle cites to the Court's prior statement hoping for "a truly significant anthropological discovery" to reassess U&As, this was a hope for the discovery of new evidence, not the discovery of a new expert who will interpret old evidence. Citations to reports that were published after the Boldt Decision are also inconclusive as such reports could include facts known to judge Boldt or discovered after the Decision—it is just not clear. In sum, none of this is conclusive. It remains more likely that Sauk-Suiattle is relying on information already presented to Judge Boldt when he specifically considered marine waters and the Skagit River then determined their U&A did not include those areas. In any event, Sauk-Suiattle does not actually point to any error in the Court's ruling in this section. Accordingly, the Motion will not be granted on this basis.

Third, Sauk-Suiattle erroneously states that the Court ruled "collateral estoppel arose from Subproceeding 17-2" and that Subproceeding 17-2 "governs this case." *Id.* at 8. The Court did not so rule. The Court knows Sauk-Suiattle was not a party in that subproceeding. The Court

ORDER DENYING MOTION FOR RECONSIDERATION – 3

cited that subproceeding as an analogous case discussing the application of collateral estoppel under similar facts. *See* Dkt. #36 at 8. The Court cited to that subproceeding using the signal "see," which means that the authority supports, but does not directly state, the proposition.

Finally, Sauk-Suiattle appears to be trying to limit the scope of the Court's ruling by arguing that the Motion to Dismiss was not addressed to marine waters. The Motion to Dismiss asked for Sauk-Suiattle's Request for Determination in its entirety to be dismissed with prejudice. Dkt. #27 at 28; Dkt. #27-1. The Request for Determination of course includes marine waters; there is a prominent map attached to the Request and included in the Court's Order that lists nine marine waters and only two rivers. *See* Dkt. #3 at 9; Dkt. #36 at 4. The Motion to Dismiss mentions marine waters at least a dozen times. It says the Claimed Waters include "broad swaths of marine waters in northern Puget Sound," and argues that the Claimed Waters "lie far beyond the areas Sauk customarily fished at and before treaty time and far beyond the areas specifically determined to be Sauk's U&A." Dkt. #27 at 3. It is disingenuous to now argue marine waters were not at issue in this Motion. Sauk-Suiattle cites no valid legal proposition for removing marine waters from the ruling.

Accordingly, having reviewed the briefing and the remainder of the record, the Court hereby finds and ORDERS that Sauk-Suiattle's Motion for Reconsideration, Dkt. #38, is DENIED. This subproceeding remains CLOSED.

DATED this 10th day of February, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION – 4